UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

**OSCAR HILLS, IV**                                                        **CIVIL ACTION NO.**

**VERSUS**                                                                       **24-839-EWD**

**PENN ENTERTAINMENT, INC., ET AL.**

## NOTICE AND ORDER

PENN Entertainment, Inc. ("Removing Defendant") removed this case to this Court on October 8, 2024, alleging subject matter jurisdiction under 28 U.S.C. § 1332. The Notice of Removal adequately alleges the citizenship of Removing Defendant (a Pennsylvania corporation, with its principal place of business in Pennsylvania)[1] and the requisite amount in controversy.[2] However, Removing Defendant has not sufficiently alleged the citizenship of the remaining parties.

Plaintiff Oscar Hills ("Hills") recently filed a Motion to Remand, challenging whether subject matter jurisdiction has been adequately established.[3] In the Motion to Remand and the Petition, Hills alleges that he is a citizen, who resides in Louisiana. The Notice of Removal alleges that Plaintiff is a "resident and domiciliary, and thus citizen" of Hawaii because "plaintiff lists his mailing address as 1132 Bishop Street, Unit 1619, Hololulu, HI" in his Petition and "public records indicate he has lived at that address in Hawaii for multiple years."[4] As to Hills, the citizenship of

---

[1] R. Doc. 1, ¶ 5,
[2] R. Doc. 1, ¶ 9, citing the Petition for Damages in which Plaintiff Oscar Hills states that he is "seeking compensation for damages in excess of $1,000,000" (R. Doc. 1-1, introductory paragraph and prayer for relief).
[3] R. Doc. 13.
[4] R. Doc. 1, ¶ 4 and n.2.

an individual is determined by the individual's domicile.[5] "[A]n allegation of residency alone 'does not satisfy the requirement of an allegation of citizenship.'"[6]

Regarding Defendants Gaming and Leisure Properties, Inc.; L'Auberge Casino & Hotel Baton Rouge; Peter M. Carlino; Jay A. Snowden; D.C. Rent to Own, LLC; Clean Slate Motors; Castille Financial Services, LLC; and Collin R. Castille, Removing Defendant inadequately alleges that "none of the other named defendants in this matter are citizens of Hawaii" and "publicly available information indicates that the other named defendants are citizens of Pennsylvania and/or Louisiana."[7] The citizenship of an unincorporated association, including a limited liability company, a general partnership, and a limited partnership, is determined by the citizenship of all its members.[8] Each member of a limited liability company or partnership must be specifically identified and citizenship alleged as to each.[9] This may require going through several layers of entities to identify citizenship, such as if a party is an LLC that has members that are also LLCs. General allegations that do not specifically identify each member are insufficient, as are negative allegations of citizenship that a party is "not a citizen of Louisiana" or "is a citizen

---

[5] *Mas v. Perry*, 489 F.2d 1396, 1399 (5th Cir. 1974).
[6] *MidCap Media Fin., L.L.C. v. Pathway Data, Inc.*, 929 F.3d 310, 313-14 (5th Cir. 2019) (citations omitted). While the United States Fifth Circuit Court of Appeals has noted that "the place of residence is prima facie the domicile," *id.*, it has clearly held that "[c]itizenship requires not only '[r]esidence in fact' but also 'the purpose to make the place of residence one's home,'" and therefore residency allegations, standing alone, do not satisfy the requirement of an allegation of citizenship. *Id.*
[7] R. Doc. 1, ¶ 6 and n.3. The Petition alleges that Clean Slate Motors is a domestic corporation, having its principal place of business in Lafayette, Louisiana. R. Doc. 1-1, ¶ 4(8). However, the Louisiana Secretary of State says that "Clean Slate Motors" is a trade name for D.C. Rent to Own, L.L.C., not an independent corporation. https://coraweb.sos.la.gov/CommercialSearch/TradeServiceSearchDetails.aspx?TradeServiceMainID=164012_7D4DF22E0E (last checked 10/24/2024). Additionally, although the Petition alleges that some of the other entities are domestic corporations with their principal places of business in Louisiana, those entities have LLC in their names which means they are limited liability companies. *Compare* La. R.S. 12:1306 (requiring that the name of a limited liability company must contain the words "limited liability company" or the abbreviation "L.L.C." or "L.C.") with La. R.S. 12:1-401(A)(2) (providing that a corporate name must contain the word "corporation", "incorporated", "company", or "limited", or the abbreviation, with or without punctuation, "corp.", "inc.", "co.", or "ltd."). The requirements to allege the citizenship of a limited liability company are different than those for a corporation.
[8] *Harvey v. Grey Wolf Drilling Co.*, 542 F.3d 1077, 1080 (5th Cir. 2008).
[9] *Nunez v. ACE Am. Ins. Co.*, No. 17-1593, 2017 WL 6997341, at *4 (M.D. La. Dec. 28, 2017), report and recommendation adopted, No. 17-1593, 2018 WL 493398 (M.D. La. Jan. 16, 2018).

of a state other than Louisiana."[10]  In addition to responding to Hills's allegations in the Motion to Remand, Removing Defendant will also need to correct the defective allegations of citizenship, as explained in this Notice and Order.[11]

Accordingly, Removing Defendant PENN Entertainment, Inc. is **ORDERED** to review the Court's Notice of Requirements for Diversity Jurisdiction, which can be found on Judge Wilder-Doomes' page on the Court's website under Case Information and Forms.  If Removing Defendant can correct the deficient jurisdictional allegations of citizenship, by no later than **November 8, 2024**, PENN Entertainment shall file a motion for leave with a comprehensive amended notice of removal attached that provides additional evidence regarding the citizenship of Plaintiff Oscar Hills and that adequately alleges the citizenship of Defendants Gaming and Leisure Properties, Inc.; L'Auberge Casino & Hotel Baton Rouge; Peter M. Carlino; Jay A. Snowden; D.C. Rent to Own, LLC; Clean Slate Motors; Castille Financial Services, LLC; and Collin R. Castille.  The motion for leave must include a certification that counsel has reviewed the provision of the Court's Notice of Requirements for Diversity Jurisdiction related to alleging citizenship and all cited cases.

**ALTERNATIVELY,** by no later than **November 8, 2024**, PENN Entertainment, Inc. may move to withdraw the Notice of Removal if it cannot adequately allege the citizenship of all parties.

**IT IS FURTHER ORDERED** that the Clerk of Court is instructed to **TERMINATE** the Motion to Remand,[12] filed by Plaintiff Oscar Hills, IV.  PENN Entertainment has the burden to establish the Court's subject matter jurisdiction and, until the citizenship of all parties is adequately alleged, the Court cannot determine whether Hills's citizenship (either in Hawaii or Louisiana)

---

[10] *Truxillo v. American Zurich Ins. Co.*, No. 16-369, 2016 WL 6987127, at *6 (M.D. La. Oct. 24, 2016).
[11] 28 U.S.C. § 1653 permits amendment of technically defective jurisdictional allegations.
[12] R. Doc. 13.

precludes the exercise of diversity jurisdiction. The termination is without prejudice to Plaintiff reurging a Motion to Remand, if appropriate, after PENN Entertainment has corrected the citizenship allegations, as set forth in this Notice and Order.

**IT IS FURTHER ORDERED** that the Clerk of Court shall send a copy of this Notice and Order to Plaintiff Oscar Hills, IV by regular, and by certified mail, return receipt requested, to the address on PACER.

Signed in Baton Rouge, Louisiana, on October 25, 2024.

**ERIN WILDER-DOOMES**
**UNITED STATES MAGISTRATE JUDGE**