UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| OSCAR HILLS, IV | CIVIL CASE NO. |
| VERSUS | 24-839-EWD |
| PENN ENTERTAINMENT, INC., ET AL. | CONSENT |

### RULING AND ORDER[1]

This tort suit claiming property damage to a parked vehicle[2] was removed to this Court on the basis of diversity subject matter jurisdiction under 28 U.S.C. § 1332.[3] Oscar Hills, IV ("Plaintiff"), who is representing himself, has filed a Motion to Remand disputing that there is complete diversity of citizenship.[4] Removing Defendant PENN Entertainment, Inc. ("PENN") opposes the Motion to Remand.[5] Also, four of the nine defendants in this case (PENN; Gaming and Leisure Properties, Inc. ("GLPI"); Peter M. Carlino; and Jay A. Snowden (collectively, "the Casino Defendants")) have filed a Motion to Dismiss under Fed. R. Civ. P. 12(b)(2), contending the Court lacks personal jurisdiction over them, and under Fed. R. Civ. P. 12(b)(6), contending Plaintiff failed to state a claim against them.[6] Plaintiff did not timely oppose the Motion to Dismiss.[7] Because the parties' diverse citizenship has been adequately established, Plaintiff's

---

[1] The case has been assigned to the undersigned for all purposes, including trial, final entry of judgment and direct review by the Fifth Circuit Court of Appeals. *See* R. Docs. 21 (Notice of Assignment to a U.S. Magistrate Judge and Declination of Consent Form), 24 (Notice indicating that no party withheld consent). Documents in the Court record are referred to as "R. Doc. __."

[2] R. Doc. 1-1 (Petition for Damages).

[3] R. Doc. 1, ¶ 4 (Notice of Removal).

[4] R. Doc. 18 (Motion to Remand). *See also* R. Doc. 22 (Reply to Defendant's Penn Entertainment Inc. Opposition to Plaintiff's Motion to Remand).

[5] R. Doc. 20 (Opposition to Plaintiff's Motion to Remand).

[6] R. Doc. 23 (Motion to Dismiss).

[7] Under Local Civil Rule 7(f), any opposition memorandum to a motion must be filed within twenty-one (21) days after service of the motion.

Motion to Remand will be denied. Because Plaintiff's Petition[8] fails to establish a prima facie case of personal jurisdiction against the Casino Defendants, the Motion to Dismiss will be granted.

I.   **BACKGROUND**

   **A. Plaintiff's Allegations**

This lawsuit arises out of alleged damage to Plaintiff's vehicle that occurred on August 9, 2024, in the parking garage of the L'Auberge Casino & Hotel in Baton Rouge ("L'Auberge"). According to the Petition for Damages ("Petition"), Plaintiff parked his 2014 Cadillac ATS in the parking garage at approximately 12:50 A.M.[9] When he returned to his vehicle at approximately 3:34 P.M., Plaintiff found his vehicle "damaged and immovable."[10] After Plaintiff reported the incident, an employee of "Defendants" reviewed the surveillance camera and informed Plaintiff that his vehicle was "struck and damaged by a Caucasian female who drove recklessly throughout the parking garage several times before hitting the vehicle and driving off."[11] While his vehicle was still immovable, Plaintiff alleges that the parking garage was pressure washed with chemicals that created chemical burns, marks, and residue over the entire surface of the vehicle.[12] The Petition expressly seeks recovery of more than $1,000,000 in compensatory damages, as well as punitive and exemplary damages.[13] Plaintiff seeks recovery for his economic losses on average $5500 per day for eight weeks while he was away from projects in Honolulu, Hawaii because he had to cancel his flight.[14] He also seeks recovery for damage to his vehicle in the amount of

---

[8] R. Doc. 1-1.

[9] R. Doc. 1-1, ¶ 5.

[10] R. Doc. 1-1, ¶ 6.

[11] R. Doc. 1-1, ¶¶ 6-8.

[12] R. Doc. 1-1, ¶ 10.

[13] R. Doc. 1-1, p. 1, introductory paragraph; p. 7, prayer for relief.

[14] R. Doc. 1-1, ¶¶ 16-17.

$10,500; rental car expenses of over $6,800; and travel expenses of over $4,500,[15] in addition to mental pain and suffering.[16]

Plaintiff filed this lawsuit on September 13, 2024, alleging that the defendants are collectively liable for the damage to Plaintiff's property by "allowing Jane Doe to consume, enter, and leave the property under the influence and heavily impaired."[17] Plaintiff also alleges that his vehicle was "damaged on Defendants' private property" and that "one of the Defendants is the owner of the vehicle that damaged Plaintiff's vehicle."[18] In addition to the Casino Defendants, Plaintiff also named L'Auberge Baton Rouge, D.C. Rent to Own LLC, Clean Slate Motors, Castille Financial Services LLC, and Collin R. Castille as defendants in the lawsuit.

B. Procedural History

PENN removed the case to this Court on October 8, 2024, alleging diversity subject matter jurisdiction under 28 U.S.C. § 1332.[19] PENN alleged that Plaintiff was a citizen of Hawaii based on the fact that, in his Petition, Plaintiff listed his mailing address in Hawaii and that "public records indicate he has lived at that address in Hawaii for multiple years."[20] Plaintiff filed his first Motion to Remand on October 21, 2024, arguing that he "resides in Baton Rouge, Louisiana."[21] In support of the Motion to Remand, Plaintiff attached a Louisiana driver's license with a Baton Rouge address.[22] On October 25, 2024, this Court issued a Notice and Order on its own motion

---

[15] R. Doc. 1-1, ¶ 17.

[16] R. Doc. 1-1, introductory paragraph.

[17] R. Doc. 1-1, ¶ 13.

[18] R. Doc. 1-1, ¶ 1.

[19] R. Doc. 1, ¶ 4.

[20] *Id.*

[21] R. Doc. 13, ¶¶ 4, 6.

[22] R. Doc. 13-2.

directing PENN to file an amended notice of removal providing adequate citizenship allegations for Defendants Gaming and Leisure Properties, Inc.; L'Auberge Casino & Hotel Baton Rouge; Peter M. Carlino; Jay A. Snowden; D.C. Rent to Own, LLC; Clean Slate Motors; Castille Financial Services, LLC; and Collin R. Castille, and additional evidence regarding Plaintiff's citizenship. The Court also terminated Plaintiff's Motion to Remand without prejudice to his ability to reurge it after PENN corrected the citizenship allegations in the Notice of Removal.[23]

PENN filed an Amended Notice of Removal that corrected the deficient citizenship allegations.[24] The Court granted PENN's motion for leave to file the amended notice of removal, which was docketed on November 7, 2024.[25] The Court also directed Plaintiff to file a memorandum and supporting evidence regarding his citizenship by November 20, 2024, if he still disagreed with PENN's allegation that he is a citizen of Hawaii.[26] While Plaintiff did not file a memorandum, as directed, he did timely file the Motion for Remand with supporting evidence

---

[23] R. Doc. 14, pp. 3-4.

[24] Specifically, the Amended Notice of Removal establishes the following: PENN is a Pennsylvania corporation with its principal place of business in Pennsylvania; GLPI is a Pennsylvania corporation with its principal place of business in Pennsylvania; Peter M. Carlino and Jay A. Snowden are domiciliaries of Pennsylvania; D.C. Rent to Own, LLC unwinds to two members, Donald P. Mendoza and Collin R. Castille, who are domiciliaries of Louisiana; Clean Slate Motors is not a juridical entity capable of being sued so that it can have no citizenship for jurisdictional purposes, but is, rather, a federally registered service mark; Castille Financial Services, LLC is properly named Castille Financial Services, Inc., which is a Louisiana corporation with its principal place of business in Louisiana; Collin R. Castille is a domiciliary of Louisiana. As to Defendant L'Auberge Casino & Hotel Baton Rouge, the Amended Notice of Removal represents that it is not a juridical entity; however, the entity operating the premises at L'Auberge Casino & Hotel Baton Rouge is PNK (Baton Rouge) Partnership, a Louisiana Partnership, d/b/a L'Auberge Casino & Hotel Baton Rouge ("PNK"). PNK has two partners: PNK Development 8, LLC and PNK Development 9, LLC. The sole member of each of PNK's two partners is Pinnacle MLS, LLC, whose sole member, Pinnacle Entertainment, Inc., is a Delaware corporation with its principal place of business in Pennsylvania. R. Doc. 17, ¶¶ 5-6. Finally, the Amended Notice of Removal alleges that Plaintiff is a citizen of Hawaii, based on the following: his mailing address, restriction of travel to the District of Hawaii in pre-trial release conditions in *USA v. Hills*, 23-cr-47 (M.D. La.); social media posts; business registration information; and the fact that his Louisiana address is not a residential address and is not owned by him. R. Doc. 17, ¶ 7.

[25] R. Docs. 15-17.

[26] R. Doc. 16, p. 4.

attached.[27]  PENN opposes remand, continuing to maintain that the evidence shows that Plaintiff is domiciled in Hawaii and is, therefore, of diverse citizenship from all defendants.[28]

On December 12, 2024, the Casino Defendants filed Motion to Dismiss, which seeks dismissal of Plaintiffs' claims for lack of personal jurisdiction and Plaintiff's failure to state a claim upon which relief may be granted.[29]  Plaintiff has not filed any response to the Motion to Dismiss and the time to do so has passed.

## II.   LAW AND ANALYSIS

### A.  Legal Standard for Removal

A defendant may remove "any civil action brought in a State court of which the district courts of the United States have original jurisdiction."[30]  The removing party bears the burden of showing that federal jurisdiction exists.[31]  When original jurisdiction is based on diversity of citizenship, the cause of action must be between "citizens of different States" and the amount in controversy must exceed the "sum or value of $75,000, exclusive of interest and costs."[32]  Remand is proper if at any time the court lacks subject matter jurisdiction.[33]  The removal statute, 28 U.S.C. § 1441, is strictly construed and any doubt as to the propriety of removal should be resolved in favor of remand.[34]

---

[27] R. Doc. 18.

[28] R. Doc. 20.  Plaintiff filed a reply memorandum in support of remand on December 9, 2024.  R. Doc. 22.  Although leave was not sought to file the reply memorandum, because Plaintiff is representing himself, the reply memorandum will be considered.

[29] R. Doc. 23.

[30] 28 U.S.C. § 1441(a).

[31] *See Allen v. R & H Oil & Gas Co.*, 63 F.3d 1326, 1335 (5th Cir. 1995).

[32] 28 U.S.C. § 1332(a)(1), (b).

[33] *See* 28 U.S.C. § 1447(c).

[34] *Gasch v. Hartford Acc. & Indem. Co.*, 491 F.3d 278, 281-82 (5th Cir. 2007).

### B. *Pro Se* Pleading Standards

Federal courts generally hold *pro se* petitioners, who are not represented by counsel, to less strict standards than those imposed on lawyers.[35] Because of this, the filings of a *pro se* litigant are to be broadly interpreted.[36] However, a *pro se* litigant is not exempt from compliance with the relevant rules of procedural and substantive law.[37] "[P]ro se plaintiffs must still plead factual allegations that raise the right to relief above the speculative level."[38]

### C. The Motion to Remand Will Be Denied as PENN Adequately Established that Plaintiff Is a Citizen of Hawaii for Purposes of Diversity Jurisdiction

#### 1. Legal Standard for Individual Citizenship

To be a "citizen of a state within the meaning of the diversity provision, a natural person must be both (1) a citizen of the United States, and (2) a domiciliary of that state."[39] Federal common law, not the law of any state, determines whether a person is a citizen of a particular state for purposes of diversity jurisdiction.[40] In cases removed from state court, diversity of citizenship must exist both at the time of filing in state court and at the time of removal to federal court.[41] If diversity is established at the commencement and removal of the suit, it will not be destroyed by subsequent changes in the citizenship of the extant parties.[42]

---

[35] *Miranda on behalf of M.M. v. Alexander*, No. 21-535, 2022 WL 832576, at *4 (M.D. La. Feb. 24, 2022), report and recommendation adopted, 21-535, 2022 WL 831430 (M.D. La. Mar. 18, 2022), citing *Ominski v. Northrop Grumman Shipbuilding, Inc.*, 466 Fed.Appx. 341, 345 (5th Cir. 2012).

[36] *Coleman v. United States*, 912 F.3d 824, 828 (5th Cir. 2019), citing *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotations and other citations omitted).

[37] *Birl v. Estelle,* 660 F.2d 592, 593 (5th Cir. 1981) (citation omitted).

[38] *Coleman*, 912 F.3d at 828, quoting *Chhim v. Univ. of Tex. at Austin*, 836 F.3d 467, 469 (5th Cir. 2016).

[39] *Coury v. Prot*, 85 F.3d 244, 248 (5th Cir. 1996).

[40] *Id.*, citing 1 J. Moore, Moore's Federal Practice, § 0.74[1] (1996).

[41] *Id.*, citing *Kanzelberger v. Kanzelberger*, 782 F.2d 774, 776 (7th Cir. 1986).

[42] *Id.*, citing *Smith v. Sperling*, 354 U.S. 91, 93, n. 1 (1957) (other citations omitted).

"For individuals, 'citizenship has the same meaning as domicile,' and 'the place of residence is prima facie the domicile.'"[43] "Nevertheless, '[c]itizenship and residence, as often declared by this court, are not synonymous terms.'"[44] "Citizenship requires not only '[r]esidence in fact' but also 'the purpose to make the place of residence one's home.'"[45] "Therefore, an allegation of residency alone 'does not satisfy the requirement of an allegation of citizenship.'"[46]

Also, "[m]ere mental fixing of citizenship is not sufficient."[47] "What is in another man's mind must be determined by what he does as well as by what he says."[48] "Words may be evidence of a man's intention to establish his domicile at a particular place of residence, but they cannot supply the fact of his domicile there."[49] "A litigant's statement of intent is relevant to the determination of domicile, but it is entitled to little weight if it conflicts with the objective facts."[50] "In such circumstances, the actual fact of residence and a real intention of remaining there, as disclosed by his entire course of conduct, are the controlling factors in ascertaining his domicile."[51]

A person has only one domicile at a particular time, although he may have several residences.[52] Factors often taken into account by courts in evaluating the domicile of a party are: current residence; voting registration and voting practices; location of personal and real property;

---

[43] *MidCap Media Finance, L.L.C. v. Pathway Data, Inc.*, 929 F.3d 310, 313 (5th Cir. 2019), quoting *Stine v. Moore*, 213 F.2d 446, 448 (5th Cir. 1954).

[44] *Id.*, quoting *Robertson v. Cease*, 97 U.S. 646, 648 (1878).

[45] *Id.*, quoting *Texas v. Florida*, 306 U.S. 398, 424 (1939).

[46] *Id.*, quoting *Strain v. Harrelson Rubber Co.*, 742 F.2d 888, 889 (5th Cir. 1984) (per curiam).

[47] *Stine*, 213 F.2d at 448.

[48] *Id.*, citing 35 C.J.S., Federal Courts, § 56.

[49] *Id.*

[50] *Coury*, 85 F.3d at 251 (citations omitted).

[51] *Id.*

[52] *Knapp v. State Farm Ins.*, 584 F.Supp. 905, 907 (E.D. La. 1984), citing *Minnesota Mining & Mfg. Co. v. Kirkevold*, 87 F.R.D. 317 (D. Minn. 1980); Wright, Miller & Cooper, *Federal Practice & Procedure*: Jurisdiction Section 3612, at n. 11 and n. 12.

location of brokerage and bank accounts; membership in unions, fraternal organizations and other associations; place of employment or business; driver's license and automobile registration; payment of taxes; as well as several others.[53]

### 2. Analysis: The Weight of the Evidence Presented Shows that Plaintiff is Domiciled in, and a Citizen of, Hawaii.

Plaintiff's Motion to Remand is based on his contention that he is a Louisiana citizen, and, therefore, complete diversity does not exist in this case as at least three defendants in this litigation are also Louisiana citizens.[54] Plaintiff contends that he is a citizen of Louisiana because he "resides in Baton Rouge … and his physical address is 1035 Executive Park Ave., Baton Rouge, LA 70806."[55] In support, Plaintiff attaches copies of his Louisiana driver's license that was issued on August 15, 2019 and an October 24, 2024 Entergy bill for the Executive Park property that was addressed to the same location.[56] Plaintiff also attaches documents from the Louisiana Secretary of State showing that there are two active corporations registered in the State of Louisiana that list him as the registered agent and director with the same Executive Park address.[57]

PENN opposes remand by disputing the sufficiency of the evidence presented by Plaintiff to support his claim of Louisiana citizenship and by presenting evidence that Plaintiff is actually a

---

[53] *Id.*, citing Wright, Miller & Cooper, *Federal Practice & Procedure*: Jurisdiction Section 3612. Some factors, such as voting, carry more weight than others. *See, e.g., Griffin v. Matthews*, 310 F.Supp. 341 (M.D.N.C.1969), *affirmed per curiam* 423 F.2d 272 (4th Cir. 1970).

[54] PENN's Amended Notice of Removal establishes that three defendants are citizens of Louisiana based on the following allegations: 1) D.C. Rent to Own, LLC's two members, Donald P. Mendoza and Collin R. Castille, are citizens of Louisiana; 2) Castille Financial Services, LLC is not the proper name of that corporate entity, instead the proper entity is Castille Financial Services, Inc., which is a Louisiana corporation with its principal place of business in Louisiana; and 3) Collin R. Castille is a citizen of Louisiana. R. Doc. 17, p. 4. Meanwhile, Plaintiff contends in his Motion–without elaboration–that all the defendants are citizens of Louisiana. R. Doc. 18, ¶ 8.

[55] R. Doc. 18, ¶ 4.

[56] R. Doc. 18, ¶¶ 4-5; R. Doc. 18-2; R. Doc. 18-3.

[57] R. Doc. 18, ¶ 6; R. Doc. 18-4.

citizen of Honolulu, Hawaii residing at 1132 Bishop Street, Unit 1619.[58] Regarding Plaintiff's Louisiana driver's license, PENN argues that it is outdated as Plaintiff filed his suit on September 13, 2024, more than five years after that license was issued, and that the license was issued before Plaintiff moved to Hawaii in 2021.[59] PENN also points to a case which found that a driver's license is not dispositive of citizenship because driver's licenses usually remain valid for years and people often change their domicile before a license expires.[60]

PENN disputes the sufficiency of the Entergy bill and suggests that there was no energy usage at the Executive Park property for the majority of the year and that the bill is only addressed to "Oscar Hills," not Oscar Hills, IV.[61] PENN also provides evidence that Plaintiff does not and has never owned that property.[62] PENN also notes that the February 15, 2024 property tax notice for the Executive Park address is in the name "Oscar Hills, III," not Plaintiff's name, and, therefore, is not proof of Plaintiff's ownership of/residence at the property.[63] Additionally, PENN provides evidence that the Executive Park property is in an area zoned "C2", which is "Heavy Commercial" according to the City of Baton Rouge and based on a street view image.[64] While the amount of energy use does not necessarily dictate whether someone is living in a building, the evidence

---

[58] R. Doc. 20.

[59] R. Doc. 20, p. 13; R. Doc. 1-1.

[60] R. Doc. 20, p. 13, citing *Costopoulos v. Uber Technologies, Inc.*, No. 18-3590, 2018 WL 4739693, at *4 (E.D. La. Oct. 2, 2018) (finding that the defendant was a citizen of Haiti notwithstanding his Louisiana driver's license).

[61] R. Doc. 20, pp. 13-14.

[62] According to the information provided by PENN, the property is currently owned by White Perch 24, LLC and was previously owned by Oscar Hills, III. R Doc. 20, p. 6; R Doc 17-5, pp. 1-3.

[63] R. Doc. 20, p. 13-14; R. Doc. 18-5.

[64] R. Doc. 20, p. 6; R Doc. 17-5; https://city.brla.gov/gis/zoning.asp#C2 (last checked 9/02/2025) ("The purpose of this district is to permit retail commercial uses serving the surrounding region Rezoning of properties to C2 will not be permitted after July 21, 1999.").

9

provided that Plaintiff does not own the Executive Park address, along with the commercial zoning of the property, further supports a determination that Plaintiff is not domiciled at this address.

Plaintiff's domiciliary evidence of the Louisiana Secretary of State registrations of his two businesses, Baton Rouge Teen Summit Foundation, Inc. and Bootstate Financial Group, is also controverted by more recent registrations of these businesses in Hawaii.[65] After registering his business, Baton Rouge Teen Summit Foundation, Inc., in Louisiana on March 28, 2002, Plaintiff registered this company in Hawaii on January 26, 2021. At that time, Plaintiff had to declare himself a resident of Hawaii for the purposes of registering himself as the agent for his businesses in the state.[66] He listed the 1132 Bishop St. address in Honolulu, Hawaii as his address as agent.[67] After registering his business, Bootstate Financial Group, in Louisiana on April 17, 2020, Plaintiff converted it to a Hawaii nonprofit corporation on July 31, 2023, again having to declare himself a resident of Hawaii and listing himself as the agent at his Bishop St. address.[68] Ownership of a business is domiciliary evidence.[69]

PENN also presents additional evidence that Plaintiff is a citizen of Hawaii based on federal criminal charges pending against him in this Court.[70] Plaintiff's Order Setting Conditions

---

[65] R. Doc. 20, pp. 11-12; R. Doc. 18-4.

[66] R. Doc 18-4, pp 1-2; R. Doc 20-3, p. 15-20.  The Application for Certificate of Authority for Foreign Corporation for Baton Rouge Teen Summit provides that "[t]he corporation shall have and continuously maintain in the State of Hawaii a registered agent who shall have a business address in this State.  The agent may be an individual who resides in this State, a domestic entity or a foreign entity authorized to transact business in this State." *See* R. Doc. 20-3, p. 15.

[67] *Id.*

[68] R. Doc 18-4, p. 3; R. Doc. 20-3, pp. 12-14. The Hawaii Articles of Incorporation for Bootstate Financial Group also require "[t]he corporation shall have and continuously maintain in the State of Hawaii a registered agent who shall have a business address in this State.  The agent may be an individual who resides in this State, a domestic entity or a foreign entity authorized to transact business in this State." R. Doc. 20-3, p. 12.

[69] *See Waterbridge Texas Operating, LLC v. Petro Guardian, LLC*, No. 23-35, 2024 WL 3566702, at *7 (W.D. Tex. July 26, 2024), citing *Ramsey v. Chhean*, No. 20-2557, 2020 WL 7422913 at *4 (E.D. La. Dec. 18, 2020), report and recommendation adopted, No. 23-35, 2024 WL 3875129 (W.D. Tex. Aug. 8, 2024).

[70] R. Doc. 20, p. 14.

of Release, signed on June 29, 2023 in that case, limits Plaintiff's travel to the District in Hawaii (unless he is travelling to the Middle District of Louisiana for court-related obligations).[71] Through this restriction, the Court confined Plaintiff to a place he considers home, Hawaii. The Joint Status Report, signed by Plaintiff's attorney at the time in the criminal case, also states that he was confined to his home in Hawaii.[72] Though Plaintiff disputes the circumstances surrounding his general confinement to the District of Hawaii while his criminal case is pending,[73] the restriction is substantial evidence of Plaintiff's intent to remain in Hawaii, as he has been ordered by this Court to do so, except for permission to travel to Louisiana for court appearances.[74]

PENN has also presented evidence that Plaintiff publicly represents that he lives in Honolulu, Hawaii.[75] He lists his Hawaii address as his mailing address on his Petition and has continued to list this address on filings, though he lists his physical address as the Executive Park address in Baton Rouge.[76] Plaintiff has been associated with his Hawaii address as of at least April 1, 2021.[77]

Plaintiff attempts to rebut the evidence PENN presents by distinguishing between a physical address and a mailing address in his reply.[78] However, Plaintiff continues to provide no

---

[71] R. Doc. 17-4, pp. 4-7.

[72] R. Doc. 20, pp. 4-5, citing R. Doc 17-4, p. 2. On September 1, 2023, Plaintiff's former defense attorney also represented Plaintiff's last known address to this Court as 1132 Bishop St., Unit 1619, Honolulu, HI in his Motion to Withdraw. R. Doc. 17-4, p. 9.

[73] R. Doc. 22, p. 2.

[74] According to the docket, Plaintiff's criminal case is ongoing, and the Order Setting Conditions of Release remains in effect. *See* No. 23-cr-47 (M.D. La.), R. Doc. 144 (setting jury trial for September 15, 2025).

[75] PENN provides evidence that Plaintiff has stated that he "lives in Honolulu, Hawaii" on Facebook, lists his location as Honolulu, Hawaii on Linked In, and has been referring to his "home" in Hawaii since 2022 on Instagram. R. Doc. 20, p. 11, citing R. Doc. 17-4, pp. 12-13; R. Doc. 20-2. Plaintiff did not deny operating any of these social media profiles or referring to Hawaii as his home on them in his reply memorandum. *See* R. Doc. 22.

[76] R. Doc. 20, citing R. Doc. 1; R. Doc. 1; R. Doc. 18; R. Doc. 22.

[77] R. Doc. 20, citing R. Doc. 17-4; R. Doc 17-4, pp. 16-17.

[78] R. Doc. 22, pp. 1-2.

evidence that he actually resides at the 1035 Executive Park Avenue address in Louisiana to rebut the substantial evidence that PENN has presented that he is domiciled in Honolulu, Hawaii at 1132 Bishop St., Unit 1619. Hills also contends that he owns neither his "residence" in Baton Rouge nor his "secondary or vacation home" in Hawaii, so he does not see the difference between the circumstances.[79] If Plaintiff claims not to own property in either Baton Rouge or Hawaii, that factor would be neutral in determining his domicile; however, the weight of the other evidence provided establishes that Plaintiff's domicile is in Hawaii.

The evidence presented by PENN weighs heavily in favor of finding that Plaintiff's current domicile and citizenship is in Hawaii.[80] There is no evidence that any of the defendants in this case is a citizen of Hawaii.[81] PENN also established the amount in controversy based on the amounts of damages sought in Plaintiff's Petition.[82] Since Plaintiff's Hawaii citizenship is diverse from all defendants and the amount in controversy has been adequately established, this Court has subject matter jurisdiction over the case and Plaintiff's Motion to Remand will be denied.

### D. The Motion to Dismiss for Lack of Personal Jurisdiction Will Be Granted and Plaintiff's Claims Against the Casino Defendants Will Be Dismissed Without Prejudice

#### 1. Legal Standard for 12(b)(2) Motion to Dismiss

Fed. R. Civ. P. 12(b)(2) authorizes dismissal of an action where the court lacks personal jurisdiction over a defendant. "Indeed, personal jurisdiction is 'an essential element of the jurisdiction of a district court, without which the court is powerless to proceed to an

---

[79] R. Doc. 22, p. 2.

[80] The parties additionally discuss whether the Louisiana defendants in the case are properly joined. *See* R. Doc. 20, pp. 15-21; R. Doc. 22, pp. 3-5. However, because Plaintiff is a citizen of Hawaii, who is of diverse citizenship from all named defendants, the Court need not reach this issue.

[81] R. Doc. 17, ¶ 6.

[82] R. Doc. 17, ¶ 15; R. Doc. 1-1, pp. 1, 6.

adjudication.'"[83] "Where a defendant challenges personal jurisdiction, the party seeking to invoke the power of the court bears the burden of proving that jurisdiction exists."[84] When, as in this case, a court rules on a motion to dismiss for lack of personal jurisdiction without holding an evidentiary hearing, the plaintiff need only make a prima facie showing of personal jurisdiction.[85] "Moreover, on a motion to dismiss for lack of jurisdiction, uncontroverted allegations in the plaintiff's complaint must be taken as true, and conflicts between the facts contained in the parties' affidavits must be resolved in the plaintiff's favor for purposes of determining whether a *prima facie* case for personal jurisdiction exists."[86] However, in assessing whether the plaintiff has presented a prima facie case of personal jurisdiction, the court "will not 'credit conclusory allegations, even if uncontroverted.'"[87] The court may consider "affidavits, interrogatories, depositions, oral testimony, or any combination of the recognized methods of discovery."[88]

2. **Legal Standard for Unsworn Declarations Under 28 U.S.C. § 1746**

The Casino Defendants submitted unsworn declarations under 28 U.S.C. § 1746 in support of their Motion to Dismiss under Fed. R. Civ. P. 12(b)(2). A court may consider "affidavits, interrogatories, depositions, oral testimony, or any combination of the recognized methods of

---

[83] *Doucet v. Abbot Laboratories*, No. 25-405, 2025 WL 1548534, at *3 (E.D. La. May 29, 2025), quoting *Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 527, 584 (1999) (internal quotation marks omitted).

[84] *Luv N' Care, Ltd. v. Insta-Mix, Inc.*, 438 F.3d 465, 469 (5th Cir. 2006), citing *Wyatt v. Laplan*, 686 F.2d 276, 280 (5th Cir. 1982); *see also Doucet*, 2025 WL 1548534 at *3, quoting *Jobe v. ATR Mktg., Inc.*, 87 F.3d 751, 753 (5th Cir. 1996) ("When a nonresident defendant moves to dismiss for lack of personal jurisdiction, the plaintiff bears the burden of establishing the district court's jurisdiction over the nonresident.").

[85] *Johnston v. Multidata Systems Intern. Corp.*, 523 F.3d 602, 609 (5th Cir. 2008), citing *Wilson v. Belin*, 20 F.3d 644, 648 (5th Cir. 1994).

[86] *Id.*, quoting *Buillion v. Gillepsie*, 895 F.2d 213, 217 (5th Cir. 1990) (citations omitted) ("Proof by preponderance of the evidence is not required.").

[87] *Sealed Appellant 1 v. Sealed Appellee 1*, 625 F. App'x 628, 631 (5th Cir. 2015), quoting *Panda Brandywine Corp. v. Potomac Elec. Power Co.*, 253 F.3d 865, 869 (5th Cir. 2001).

[88] *Revell v. Lidov*, 317 F.3d 467, 469 (5th Cir. 2002), quoting *Stuart v. Spademan*, 772 F.2d 1185, 1192 (5th Cir. 1985).

discovery" when considering a motion to dismiss.[89] 28 U.S.C. § 1746 "permits unsworn declarations to substitute for an affiant's oath if the statement contained therein is made 'under penalty of perjury' and verified as 'true and correct.'"[90] § 1746 states as follows:

> Wherever, under any law of the United States or under any rule, regulation, order, or requirement made pursuant to law, any matter is required or permitted to be supported, evidenced, established, or proved by the sworn declaration, verification, certificate, statement, oath, or affidavit, in writing of the person making the same (other than a deposition, or an oath of office, or an oath required to be taken before a specified official other than a notary public), such matter may, with like force and effect, be supported, evidenced, established, or proved by the unsworn declaration, certificate, verification, or statement, in writing of such person which is subscribed by him, as true under penalty of perjury, and dated, in substantially the following form: …
>
> **(2)** If executed within the United States, its territories, possessions, or commonwealths: "I declare (or certify, verify, or state) under penalty of perjury that the foregoing is true and correct. Executed on (date).
>       (Signature)"[91]

### 3. Analysis: Plaintiff Did Not Make Prima Facie Showing of Personal Jurisdiction Notwithstanding Defective Declarations

The Casino Defendants' unsworn declarations do not verify that the statements were made under penalty of perjury under the laws of the United States as required under 28 U.S.C. § 1746.[92] As such, the Court cannot consider these unsworn declarations in support of the Motion to Dismiss.[93]

---

[89] *Revell*, 317 F.3d at 469, quoting *Stuart*, 772 F.2d at 1192.

[90] *Keiland Constr., L.L.C. v. Weeks Marine, Inc.*, 109 F.4th 406, 418 (5th Cir. 2024), citing *DIRECTV, Inc. v. Budden*, 420 F.3d 521, 530 (5th Cir. 2005), quoting *Nissho-Iwai Am. Corp. v. Kline*, 845 F.2d 1300, 1306 (5th Cir. 1988).

[91] 28 U.S.C. § 1746.

[92] Though the headings of these documents state that they are intended to be declarations made under penalty of perjury, there is no verification by the declarant that the declarations were made under penalty of perjury as required under 28 U.S.C. § 1746. *See* R. Docs. 23-2 through 23-5.

[93] This statute requires verification that the statement is made under penalty of perjury. *See Levens v. Gaspard*, No. 21-35, 2023 WL 2646430, at *2 (E.D. La. Mar. 27, 2023) (holding that "although a formal affidavit is not required as evidence on summary judgment, a written unsworn declaration must be in proper form as true under perjury to substitute for an affidavit. *Id.* Verdin does not declare that his statements are true and correct under penalty of perjury under the laws of the United States, and thus the court disregards his statement in ruling on the instant motion."); s*ee*

However, as to personal jurisdiction, Plaintiff only states in his Petition that "[t]his Honorable Court has jurisdiction over all the named Defendants because each of them has transacted business or provided services in Louisiana, has caused or contributed to damages in Louisiana, and because each of them is obligated for the damages in the above-captioned case."[94] Plaintiff acknowledges that PENN and GLPI are foreign corporations with their principal places of business in Pennsylvania. He alleges that Peter Carlino is the CEO of GLPI, who is responsible for "supervising all employees of the corporation, performing all administrative duties of the corporation, supervising all inspectors, performing administrative inspections, and performing any duties as may be prescribed at the said corporation." Plaintiff alleges that Jay Snowden is the CEO of PENN, who performs the same activities for that company.[95] These are the only specific allegations against any of the Casino Defendants in the Petition. Though Plaintiff does state that L'Auberge is the subsidiary of PENN, the "mere existence of a parent-subsidiary relationship is not sufficient to warrant the assertion of jurisdiction over the foreign parent."[96]

---

*also Diamond Servs. Corp v. Cobbs Allen & Hall of Louisiana Inc.*, No. 20-101, 2020 WL 5877587, at *3 (W.D. La. July 14, 2020), report and recommendation adopted sub nom. *Diamond Servs. Corp v. Cobbs Allen & Hall of Louisiana Inc*, No. 20-101, 2020 WL 5876697 (W.D. La. Oct. 1, 2020) (stating "an affidavit can meet the criteria for 'unsworn affidavits' contained at 28 U.S.C. § 1746, but only if the person making the verification states that the declaration is made 'under penalty of perjury,' 28 U.S.C. § 1746. An affidavit that does not meet either of these requirements is inadmissible."). Though the *Levens* and *Diamond Servs. Corp.* discuss admissibility of unsworn declarations as summary judgment evidence, they reflect the strict interpretation of 28 U.S.C. § 1746.

[94] R. Doc. 1-1, ¶ 2.

[95] R. Doc. 1-1, ¶ 4.

[96] R. Doc 1, ¶ 4; *Hargrave v. Fibreboard Corp.*, 710 F.2d 1154, 1159 (5th Cir. 1983) (However, "a close relationship between a parent and its subsidiary may justify a finding that the parent 'does business' in a jurisdiction through the local activities of its subsidiaries…. The rationale for such an exercise of jurisdiction is that the parent corporation exerts such domination and control over its subsidiary 'that they do not in reality constitute separate and distinct corporate entities but are one and the same corporation for the purposes of jurisdiction." (internal citations omitted)). *See also Gines v. D.R. Horton, Inc*., No. 08-598, 867 F.Supp.2d 824, 830 (M.D. La. Jan. 25, 2012), citing *Hargrave*, 710 F.2d at 1160 ("The mere fact that a parent corporation wholly owns a subsidiary and shares common management personnel with the subsidiary does not in itself defeat their presumably separate corporate identities for purposes of jurisdiction."). Plaintiff alleges no facts in his Petition concerning the control PENN has over L'Auberge, so the Court cannot credit any allegations against L'Auberge to PENN for purposes of establishing personal jurisdiction. Plaintiff's conclusory allegations fail to establish the Court's personal jurisdiction over PENN.

Establishing a prima facie case still requires a plaintiff to show the nonresident defendant's purposeful availment of the benefits and protections of and minimum contacts with the forum state.[97] Additionally, for purposes of personal jurisdiction, each defendant's contacts with the forum state must be assessed individually.[98] The conclusory allegations in the Petition, which lump together the personal jurisdiction allegations as to all Defendants, are not sufficient to meet Plaintiff's burden of a prima facie showing of personal jurisdiction as to any Casino Defendant.[99] Further, Plaintiff did not respond to the Casino Defendants' Motion to Dismiss, so he did not take the opportunity to provide additional evidence to meet his burden to prevent dismissal of his claims against the Casino Defendants. Under the circumstances, it is proper to dismiss Plaintiff's claims against the Casino Defendants for lack of personal jurisdiction without prejudice, notwithstanding the Casino Defendants' submission of defective evidence under 28 U.S.C. § 1746.

Although the dismissal of Plaintiff's claims under Rule 12(b)(2) will be without prejudice, "[w]here further litigation of [a] claim will be time-barred, a dismissal without prejudice is no less severe a sanction than a dismissal with prejudice, and the same standard of review is used."[100] Dismissal with prejudice for failure to prosecute is appropriate only when (1) there is a clear record of delay or contumacious conduct by the plaintiff, and (2) lesser sanctions would not prompt

---

[97] *See Burger King Corp. v. Rudzewicz,* 471 U.S. 462, 474 (1985) ("[T]he constitutional touchstone remains whether the defendant purposefully established 'minimum contacts' in the forum State.").

[98] *Calder v. Jones*, 465 U.S. 783, 790 (1984).

[99] *Sealed Appellant 1*, 625 Fed.Appx. at 631, quoting *Panda Brandywine Corp.* 253 F.3d at 869 (rejecting statements made on information and belief that defendants knew their actions would intentionally cause harm to plaintiffs in the forum state as insufficient to establish prima facie showing necessary for personal jurisdiction); *see also Head v. Las Vegas Sands, LLC*, 289 F.Supp.3d 963, 973 (S.D. Tex. March 27, 2018) (rejecting the plaintiffs' allegation that "all named defendants sent corporate jets to McAllen, Texas on numerous occasions" as insufficient to support a prima facie showing for the exercise of personal jurisdiction over the defendants because the statement did not provide details explaining which defendant(s) sent the jets, when, and how often and because it lumped all the defendants together).

[100] *Adams v. Monroe Transit Sys. 1st Transit*, No. 19-281, 2020 WL 7040093, at *5 (W.D. La. Nov. 13, 2020), report and recommendation adopted, *Adams v. Monroe Transit Sys. 1st Transit*, No. 19-281, 2020 WL 7029153 (W.D. La. Nov. 30, 2020), citing *Berry v. CIGNA/RSI-CIGNA*, 975 F.2d 1188, 1191 (5th Cir. 1992) (quoting *McGowan v. Faulkner Concrete Pipe Co.*, 659 F.2d 554, 556 (5th Cir. 1981)).

diligent prosecution, or the record shows that lesser sanctions have proved to be futile.[101] Additionally, in most cases where dismissal with prejudice is appropriate, one of the following aggravating factors is present: "(1) delay caused by [the] plaintiff himself and not his attorney; (2) actual prejudice to the defendant; or (3) delay caused by intentional conduct."[102] As there is no evidence that the equivalent of a dismissal with prejudice is appropriate in this case, Plaintiff will have thirty (30) days from the date of this Ruling and Order to re-file his claims against the Casino Defendants in a court that may exercise personal jurisdiction over each of them. To the extent necessary, the prescriptive period on Plaintiff's claims will be tolled during this time.

### III. CONCLUSION

Considering the evidence submitted, Plaintiff is a citizen of, and domiciled in Hawaii, rather than in Louisiana. As PENN has adequately established the diverse citizenship of all parties and the requisite amount in controversy, Plaintiff's Motion to Remand will be denied. Because the Court finds that Plaintiff's Petition[103] fails to establish a prima facie case of personal jurisdiction against the Casino Defendants, the Motion to Dismiss will be granted under Fed. R. Civ. P. 12(b)(2). Plaintiff will, however, have thirty (30) days from the date of this Ruling and Order to re-file his claims against the Casino Defendants in a court that may exercise personal jurisdiction over each of them. The Court need not rule on the Motion to Dismiss on 12(b)(6) grounds as the Court does not have personal jurisdiction over the Casino Defendants.

Accordingly,

---

[101] *Adams*, 2020 WL 7040093, at *6 (citations omitted).

[102] *Id.*

[103] R. Doc. 1-1.

**IT IS ORDERED** that the Motion to Remand,[104] filed by Plaintiff Oscar Hills, IV, is **DENIED**, as Removing Defendant PENN Entertainment, Inc. has adequately established subject matter jurisdiction under 28 U.S.C. § 1332.

**IT IS FURTHER ORDERED** that the Motion to Dismiss,[105] filed by Defendants PENN Entertainment, Inc.; Gaming and Leisure Properties, Inc.; Peter M. Carlino; and Jay A. Snowden is **GRANTED IN PART** under Fed. Rule Civ. P. 12(b)(2). Plaintiff's claims in this case against Defendants Peter M. Carlino, Jay. A Snowden, Gaming and Leisure Properties, Inc., and PENN Entertainment, Inc., are **DISMISSED WITHOUT PREJUDICE** for lack of personal jurisdiction.

**IT IS FURTHER ORDERED** that, to the extent necessary, the prescriptive period on Plaintiff's claims against PENN Entertainment, Inc.; Gaming and Leisure Properties, Inc.; Peter M. Carlino; and Jay A. Snowden will be tolled for thirty (30) days from the date of this Ruling and Order so that Plaintiff may re-file his claims in a court that may exercise personal jurisdiction over each of these Defendants.

**IT IS FURTHER ORDERED** that the Clerk of Court shall transmit this Ruling and Order to Plaintiff Oscar Hills, IV by regular mail and by certified mail, return receipt requested to the address listed on PACER.

Signed in Baton Rouge, Louisiana, on September 3, 2025.

_____<br>
**ERIN WILDER-DOOMES**<br>
**UNITED STATES MAGISTRATE JUDGE**

---

[104] R. Doc. 18.

[105] R. Doc. 23.